CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 26 2017
JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TYRONE DEON DILLARD, | ) | CASE NO. 7:16CV00458 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| LARRY T. EDMONDS, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Tyrone Deon Dillard, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment in the Appomattox County Circuit Court for possession of cocaine with the intent to distribute as a third or subsequent offense. Respondent filed a motion to dismiss, and Dillard responded,[1] making the matter ripe for disposition. After review of the record, I grant the motion to dismiss and dismiss the petition.

## I.    Procedural History

Dillard pleaded guilty to possession of cocaine with the intent to distribute as a third or subsequent offense, and on January 16, 2014, the trial court entered final judgment, sentencing him to ten-and-a-half years in prison. Dillard filed a motion to reconsider in the circuit court, but did not appeal.

On November 5, 2014, Dillard filed a state habeas petition in the circuit court; the court denied his petition on August 19, 2015. On December 8, 2015, Dillard appealed to the Supreme Court of Virginia, but the court dismissed his appeal on June 3, 2016, for failure to timely file the notice of appeal under Va. Sup. Ct. R. 5:9(a), and because Dillard's assignments of error were

---

[1] Dillard "responded" with copies of documents already docketed: his petition's legal memorandum, his exhibit, and Respondent's first exhibit. However, he also included an unsigned guilty plea and an order from the Appomattox Circuit Court modifying the date of the final order of his circuit court state habeas petition and allowing for a motion to set aside the judgment.

insufficient under Va. Sup. Ct. R. 5:17(c)(1)(iii). On October 7, 2016, the Supreme Court of Virginia denied Dillard's petition for rehearing because it was also untimely filed.

## II. Claims

On September 19, 2016, Dillard filed the current petition, alleging that trial counsel was ineffective for:

1. Failing to advise and act on a plea offer; and

2. Failing to advise Dillard of the charge and sentencing range to which he was pleading guilty.

## III. Time-Bar

Dillard's claims are time-barred. Under the Anti-terrorism Effective Death Penalty Act (AEDPA), a one-year period of limitation for federal habeas corpus runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Additionally, a petitioner can "toll" the federal habeas statute of limitation in two ways: statutory tolling and equitable tolling. Section 2244(d)(2) tolls the federal limitation period during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending." Equitable tolling occurs only if a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

2

prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544, U.S. 408, 418 (2005)).

The circuit court's final judgment was entered on January 16, 2014 and Dillard did not appeal. Therefore, his judgment became final on February 15, 2014, thirty days after the entry of judgment. Va. Sup. Ct. R. 5A:6 (Notice of appeal must be filed within thirty days of final judgment.); Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (holding that, under § 2244(d)(1)(A), the judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires"). Dillard thus had one year (365 days) from February 14, 2014 to file his § 2254 petition.

By the time Dillard timely filed his state habeas petition on November 11, 2014, 268 days of the statute of limitations had run. After the circuit court denied Dillard's petition on August 19, 2015, Dillard had thirty days to timely file a notice of appeal to the Supreme Court of Virginia; however, he failed to do so, and the statute of limitations began to run again on September 18, 2015. Dillard's federal habeas limitations period expired ninety-seven days later, on December 25, 2015. Dillard did not file his current petition until September 19, 2016. Accounting for tolling under § 2244(d)(1)(A), 635 days had elapsed.

Dillard claims that his state habeas appeal tolled the federal habeas statute of limitations under § 2244(d)(2); however, his appeal was not *properly filed*: the Supreme Court of Virginia found his appeal untimely under Va. Sup. Ct. R. 5:9(a) and his assignments of error insufficient under Va. Sup. Ct. R. 5:17(c)(1)(iii). In his response, Dillard includes an "Agreed Order for Leave to File a Notice of Appeal Pursuant to Virginia Code § 8.01-428," which modified his circuit court habeas final order date from August 18, 2015 to October 6, 2015. Even if the court recognizes the modified date, the time for an appeal would have expired thirty days from

3

October 6, 2015, on November 5, 2015; Dillard did not appeal until December. Therefore, at the very latest, the federal habeas statute of limitations began to run again on November 5, 2015, and would have expired on February 10, 2016.

Lastly, Dillard has not shown that the statute of limitations should be equitably tolled. He has not shown reasonable diligence in pursuing his rights considering his repeated missed deadlines, and he has not alleged that any extraordinary circumstance prevented his timely filing. Further, "ignorance of the law is not a basis for equitable tolling." See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (collecting cases).

### IV.     Exhaustion and Procedural Default

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)). To meet the exhaustion requirement, a petitioner "must have presented to the state court both the operative facts and the controlling legal principles." Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002) (internal quotation marks and citation omitted). "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker, 220 F.3d at 288 (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)).

Also, "[a] habeas petitioner is barred from seeking federal review of a claim that was presented to a state court and 'clearly and expressly' denied on the independent, adequate state ground of procedural default." Bennet v. Angelone, 92 F.3d 1336, 1343 (4th Cir. 1996) (citing Harris v. Reed, 489 U.S. 255, 263 (1989)). A procedural rule is adequate "if it is regularly or

consistently applied by the state court," and independent "if it does not 'depend[] on a federal constitutional ruling.'" Yeatts v. Angelone, 166 F.3d 255, 260 (4th Cir. 1999) (quoting Ake v. Oklahoma, 470 U.S. 68, 75 (1985)).The United States Supreme Court has long held that a state prisoner's habeas claims may not be entertained by a federal court "when (1) 'a state court [has] declined to address [those] claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.'" Maples v. Thomas, 565 U.S. 266, 280 (2012) (quoting Walker v. Martin, 562 U.S. 307, 316 (2011)). A procedural rule is adequate "if it is regularly or consistently applied by the state court," and independent "if it does not 'depend[] on a federal constitutional ruling.'" Yeatts v. Angelone, 166 F.3d 255, 260 (4th Cir. 1999) (quoting Ake v. Oklahoma, 470 U.S. 68, 75 (1985)).

Dillard failed to timely raise his claims before the Supreme Court of Virginia; therefore, his claims are (1) simultaneously exhausted and defaulted under Baker and (2) procedurally defaulted under Va. Sup. Ct. R. 5:9(a). Further, the Supreme Court of Virginia also found his claims defaulted because his assignments of error were insufficient under Va. Sup. Ct. R. 5:17(c)(iii). Both Rule 5:9(a) and Rule 5:17(c)(iii) are independent and adequate state procedural rules constituting procedural default. See Wise v. Williams, 982 F.2d 142, 144 (4th Cir. 1994) (Rule 5:9(a) is independent and adequate state bar.) Mueller v. Angelone, 181 F.3d 557, 584 (4th Cir. 1999) (Rule 5:17(c)(iii) is an independent and adequate state bar.).

"If a claim is defaulted, then petitioner must fail on that claim unless he can show that cause and prejudice or a fundamental miscarriage of justice might excuse his default." Bell v. True, 413 F. Supp. 2d 657, 676 (W.D. Va. 2006) (citing Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998)). The "cause" prong requires a petitioner to demonstrate that there were

"objective factors," external to his defense, which impeded him from raising his claim at an earlier stage. Murray v. Carrier, 477 U.S. 478, 488 (1986). The "prejudice" prong requires a petitioner to show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. Id. Meanwhile, the fundamental miscarriage of justice exception requires a petitioner to prove his actual innocence. Schlup v. Delo, 513 U.S. 298, 339-40 (1995).

Dillard does not allege cause and prejudice or a fundamental miscarriage of justice; therefore, I need not address potential excuses for his default and time-bar.[2] See Burket v. Angelone, 208 F.3d 172, 183 n.10 (4th Cir. 2000) (holding that, as petitioner bears burden to raise cause and prejudice or actual innocence, a court need not consider either if not asserted by petitioner).

## V.

For the foregoing reasons, I grant Respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 26th day of September, 2017.

Senior United States District Judge

---

[2] A fundamental miscarriage of justice can also excuse the time-bar. See McQuiggin v. Perkins, 133 S. Ct. 1924 (2013).